# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL     212.763.0883
DIRECT EMAIL     rkaplan@kaplanhecker.com

August 8, 2023

**VIA ECF**

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Carroll v. Trump*, No. 23-1045

Dear Ms. Wolfe:

      We write on behalf of Plaintiff-Appellee E. Jean Carroll in response to the Acknowledgement and Notice of Appearance that Defendant-Appellant Donald J. Trump filed last week in the above-referenced appeal ("*Carroll I* appeal"). *See* Doc. No. 12. That form required Trump to identify "[m]atters related to this appeal or involving the same issue [that] have been or presently are before this Court." In responding to that question, Trump identified the pending appeal in *Carroll v. Trump*, No. 23-793 ("*Carroll II* appeal"), as related to the appeal in *Carroll I*. But this response was mistaken: the *Carroll I* and *Carroll II* appeals arise from separate actions in very different procedural postures and present fundamentally distinct legal and factual issues.

      In *Carroll I*, Carroll alleges a defamation claim against Trump based on statements that he made in June 2019 (while serving as President) after she revealed that he had sexually assaulted her decades earlier. Although *Carroll I* was filed in October 2019, it has not yet gone to trial. For several years, the parties principally litigated Trump's claim of immunity under the Westfall Act—including through an appeal to this Court, which was certified to the D.C. Court of Appeals and then remanded to the district court. *See Carroll v. Trump*, 66 F.4th 91 (2d Cir. 2023). After the Westfall Act issue was resolved, Trump filed a summary judgment motion asserting (among other things) the defense of absolute presidential immunity. The district court denied that motion, holding that Trump had waived absolute immunity and that, in all events, his arguments lacked merit. *See Carroll v. Trump*, No. 20 Civ. 7311, 2023 WL 4393067 (S.D.N.Y. July 5, 2023). Under

KAPLAN HECKER & FINK LLP

2

settled rules of appellate jurisdiction, Trump's pending interlocutory appeal in *Carroll I* solely concerns the district court's rejection of his absolute presidential immunity defense.[1]

*Carroll II* arises in a profoundly different posture. There, Carroll alleges a battery claim against Trump for sexual assault, as well as a defamation claim against Trump for statements that he made in 2022. *Carroll II* went to trial in April 2023. Following two weeks of trial proceedings, the jury found Trump liable on both claims. Trump's appeal in *Carroll II* presents a laundry-list of trial-related issues, many of which are evidentiary in nature and will require a thorough review of the trial record. *See* Doc. Nos. 24-4, 61-6. There is no question of presidential immunity (or any other question of executive privilege or immunity) in the pending *Carroll II* appeal.

Accordingly, the *Carroll I* appeal asks this Court to review a pre-trial ruling on an assertion of absolute presidential immunity, whereas *Carroll II* asks this Court to review a hodge-podge of evidentiary challenges in a post-trial posture. The *Carroll I* appeal involves no disputes of fact, but rather pure disputes of procedure and constitutional law; the *Carroll II* appeal decisively turns on disputes about a two-week jury trial record. Although there is overlap between the parties and underlying facts—and although both cases depend ultimately on the parties' dispute over whether Trump sexually assaulted Carroll—the appellate issues before this Court could hardly be more different. As a result, there are no real efficiencies to be gained by consolidating the appeals.

Moreover, the district court has repeatedly found in *Carroll I* that Trump's litigation tactics reflected bad faith, dilatory conduct designed to obstruct the progress of the litigation. *See, e.g.*, *Carroll*, 2023 WL 4393067, at *12 & n.61. We are therefore concerned that Trump is improperly seeking to mark the *Carroll I* and *Carroll II* appeals as related in hopes of delaying both appeals—thereby frustrating Carroll's pursuit of justice, which is particularly prejudicial because Carroll is 80 years old (and because Trump may hope to impede or thwart her recovery of the $5 million judgment he has been forced to deposit pending a resolution of the *Carroll II* appeal).

Therefore, we respectfully request that the Court decline to mark these appeals as related.

Respectfully submitted,

Roberta A. Kaplan

cc: Joshua Matz
    Counsel of Record

---

[1] In *Carroll I*, Trump included certain issues unrelated to absolute immunity in his "Issues and Standard of Review" list attached to his Form C. Doc. No. 9. But the Court lacks interlocutory appellate jurisdiction over those "independent issues," the resolution of which would require "an inquiry that is distinct from and 'broader' than the inquiry required to resolve" Trump's absolute immunity claim. *Myers v. Hertz Corp.*, 624 F.3d 537, 553–54 (2d Cir. 2010); *see, e.g.*, *Atlantica Holdings v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 813 F.3d 98, 117 (2d Cir. 2016); *Massi v. Flynn*, 254 F. App'x 84, 87 (2d Cir. 2007). Therefore, those ancillary issues are irrelevant to the relatedness inquiry.