# Exhibit K

**HABBA MADAIO & ASSOCIATES LLP**
Alina Habba, Esq.
Michael T. Madaio, Esq.
1430 US Highway 206, Suite 240
Bedminster, New Jersey 07921
-and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com
E-mail: mmadaio@habbalaw.com
*Attorneys for Defendant/Counterclaimant Donald J. Trump*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| E. JEAN CARROLL, <br><br> *Plaintiff,* <br><br> v. <br><br> DONALD J. TRUMP, in his personal capacity, <br><br> *Defendant.* | Civil Action No.: 1:20-cv-7311-LAK-JLC <br><br><br> **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM** |

Defendant, Donald J. Trump, ("Defendant"), by and through his attorneys at Habba Madaio & Associates LLP, subject to and reserving all rights, for his Answer to Plaintiff's First Amended Complaint, says:

**<u>INTRODUCTION</u>**

1.      Defendant denies the allegations set forth in Paragraph 1 of the First Amended Complaint.

2.      Defendant denies the allegations set forth in Paragraph 2 of the First Amended Complaint.

3. Defendant denies the allegations set forth in Paragraph 3 of the First Amended Complaint.

4. Defendant denies the allegations set forth in Paragraph 4 of the First Amended Complaint.

5. Defendant denies the allegations set forth in Paragraph 5 of the First Amended Complaint.

6. Defendant denies the allegations set forth in Paragraph 6 of the First Amended Complaint.

7. Defendant denies the allegations set forth in Paragraph 7 of the First Amended Complaint.

8. Defendant denies the allegations set forth in Paragraph 8 of the First Amended Complaint.

9. Defendant denies the allegations set forth in Paragraph 9 of the First Amended Complaint.

10. Defendant denies the allegations set forth in Paragraph 10 of the First Amended Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of the First Amended Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of the First Amended Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the First Amended Complaint.

14.     Defendant denies the allegations set forth in Paragraph 14 of the First Amended Complaint.

15.     Defendant denies the allegations set forth in Paragraph 15 of the First Amended Complaint.

16.     Defendant denies the allegations set forth in Paragraph 16 of the First Amended Complaint.

17.     Defendant admits only that the jury in *E. Jean Carroll v. Donald J. Trump,* Civil Action No. 22-cv-10016 ("*Carroll II*") released its verdict on May 9, 2023 but otherwise denies Plaintiff's characterizations and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

18.     Defendant denies the allegations set forth in Paragraph 18 of the First Amended Complaint.

19.     Defendant denies the allegations set forth in Paragraph 19 of the First Amended Complaint.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the First Amended Complaint.

21.     As to Paragraph 21, Defendant admits only that he served as the 45th President of the United States and is a resident of the State of Florida.

## JURISDICTION AND VENUE

22.     Defendant admits the allegations contained in Paragraph 22 of the First Amended Complaint.

23.     Defendant denies the allegations set forth in Paragraph 23 of the First Amended Complaint as the allegations set forth a legal conclusion.

24.     Defendant denies the allegations set forth in Paragraph 24 of the First Amended Complaint as the allegations set forth a legal conclusion.

## FACTUAL ALLEGATIONS

25.     Defendant denies the allegations set forth in Paragraph 25 of the First Amended Complaint.

26.     Defendant denies the allegations set forth in Paragraph 26 of the First Amended Complaint.

27.     Defendant denies the allegations set forth in Paragraph 27 of the First Amended Complaint.

28.     As to Paragraph 28, Defendant admits only that the photograph exists, but otherwise denies the Plaintiff's allegations and respectfully refers the Court to the cited photograph for the true, accurate, and contextual meaning thereof.

29.     Defendant denies the allegations set forth in Paragraph 29 of the First Amended Complaint.

30.     Defendant denies the allegations set forth in Paragraph 30 of the First Amended Complaint.

31.     Defendant denies the allegations set forth in Paragraph 31 of the First Amended Complaint.

32.     Defendant denies the allegations set forth in Paragraph 32 of the First Amended Complaint.

33.     Defendant denies the allegations set forth in Paragraph 33 of the First Amended Complaint.

34.     Defendant denies the allegations set forth in Paragraph 34 of the First Amended Complaint.

35.     Defendant denies the allegations set forth in Paragraph 35 of the First Amended Complaint.

36.     Defendant denies the allegations set forth in Paragraph 36 of the First Amended Complaint.

37.     Defendant denies the allegations set forth in Paragraph 37 of the First Amended Complaint.

38.     Defendant denies the allegations set forth in Paragraph 38 of the First Amended Complaint.

39.     Defendant denies the allegations set forth in Paragraph 39 of the First Amended Complaint.

40.     Defendant denies the allegations set forth in Paragraph 40 of the First Amended Complaint.

41.     Defendant denies the allegations set forth in Paragraph 41 of the First Amended Complaint.

42.     Defendant denies the allegations set forth in Paragraph 42 of the First Amended Complaint.

43.     Defendant denies the allegations set forth in Paragraph 43 of the First Amended Complaint.

44.     Defendant denies the allegations set forth in Paragraph 44 of the First Amended Complaint.

45.     Defendant denies the allegations set forth in Paragraph 45 of the First Amended Complaint.

46.     Defendant denies the allegations set forth in Paragraph 46 of the First Amended Complaint.

47.     Defendant denies the allegations set forth in Paragraph 47 of the First Amended Complaint.

48.     Defendant denies the allegations set forth in Paragraph 48 of the First Amended Complaint.

49.     Defendant denies the allegations set forth in Paragraph 49 of the First Amended Complaint.

50.     Defendant denies the allegations set forth in Paragraph 50 of the First Amended Complaint.

51.     Defendant denies the allegations set forth in Paragraph 51 of the First Amended Complaint.

52.     Defendant denies the allegations set forth in Paragraph 52 of the First Amended Complaint.

53.     Defendant denies the allegations set forth in Paragraph 53 of the First Amended Complaint.

54.     Defendant denies the allegations set forth in Paragraph 54 of the First Amended Complaint.

55.     Defendant denies the allegations set forth in Paragraph 55 of the First Amended Complaint.

56.     Defendant denies the allegations set forth in Paragraph 56 of the First Amended Complaint.

57.     Defendant denies the allegations set forth in Paragraph 57 of the First Amended Complaint.

58.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the First Amended Complaint.

59.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the First Amended Complaint.

60.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the First Amended Complaint.

61.     Defendant denies the allegations set forth in Paragraph 61 of the First Amended Complaint.

62.     Defendant denies the allegations set forth in Paragraph 62 of the First Amended Complaint.

63.     Defendant denies the allegations set forth in Paragraph 63 of the First Amended Complaint.

64.     Defendant denies the allegations set forth in Paragraph 64 of the First Amended Complaint.

65.     Defendant denies the allegations set forth in Paragraph 65 of the First Amended Complaint.

66.     Defendant denies the allegations set forth in Paragraph 66 of the First Amended Complaint.

67.     Defendant denies the allegations set forth in Paragraph 67 of the First Amended Complaint.

68.     Defendant denies the allegations set forth in Paragraph 68 of the First Amended Complaint.

69.     Defendant denies the allegations set forth in Paragraph 69 of the First Amended Complaint.

70.     Defendant denies the allegations set forth in Paragraph 70 of the First Amended Complaint.

71.     Defendant denies the allegations set forth in Paragraph 71 of the First Amended Complaint.

72.     Defendant denies the allegations set forth in Paragraph 72 of the First Amended Complaint.

73.     Defendant denies the allegations set forth in Paragraph 73 of the First Amended Complaint.

74.     Defendant denies the allegations set forth in Paragraph 74 of the First Amended Complaint.

75.     Defendant denies the allegations set forth in Paragraph 75 of the First Amended Complaint.

76.     Defendant denies the allegations set forth in Paragraph 76 of the First Amended Complaint.

77.     Defendant denies the allegations set forth in Paragraph 77 of the First Amended Complaint.

78.     Defendant denies the allegations set forth in Paragraph 78 of the First Amended

Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

79.     Defendant denies the allegations set forth in Paragraph 79 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

80.     Defendant denies the allegations set forth in Paragraph 80 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

81.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the First Amended Complaint.

82.     Defendant denies the allegations set forth in Paragraph 82 of the First Amended Complaint.

83.     Defendant denies the allegations set forth in Paragraph 83 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

84.     Defendant denies the allegations set forth in Paragraph 84 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

85.     Defendant denies the allegations set forth in Paragraph 85 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

86.     Defendant denies the allegations set forth in Paragraph 86 of the First Amended Complaint.

87.     Defendant denies the allegations set forth in Paragraph 87 of the First Amended Complaint.

88.     Defendant denies the allegations set forth in Paragraph 88 of the First Amended Complaint.

89.     Defendant denies the allegations set forth in Paragraph 89 of the First Amended Complaint.

90.     Defendant denies the allegations set forth in Paragraph 90 of the First Amended Complaint.

91.     Defendant denies the allegations set forth in Paragraph 91 of the First Amended Complaint.

92.     Defendant denies the allegations set forth in Paragraph 92 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

93.     Defendant denies the allegations set forth in Paragraph 93 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

94.     Defendant denies the allegations set forth in Paragraph 94 of the First Amended Complaint.

95.     Defendant denies the allegations set forth in Paragraph 95 of the First Amended Complaint.

96.     Defendant denies the allegations set forth in Paragraph 96 of the First Amended Complaint.

97.     Defendant denies the allegations set forth in Paragraph 97 of the First Amended Complaint.

98.     Defendant denies the allegations set forth in Paragraph 98 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

99.     Defendant denies the allegations set forth in Paragraph 99 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

100.    Defendant denies the allegations set forth in Paragraph 100 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

101.    Defendant denies the allegations set forth in Paragraph 101 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

102.    Defendant denies the allegations set forth in Paragraph 102 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

103.    Defendant denies the allegations set forth in Paragraph 103 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

104.    Defendant denies the allegations set forth in Paragraph 104 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

105.     Defendant denies the allegations set forth in Paragraph 105 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

106.     Defendant denies the allegations set forth in Paragraph 106 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

107.     Defendant denies the allegations set forth in Paragraph 107 of the First Amended Complaint.

108.     Defendant denies the allegations set forth in Paragraph 108 of the First Amended Complaint.

109.     Defendant denies the allegations set forth in Paragraph 109 of the First Amended Complaint.

110.     Defendant denies the allegations set forth in Paragraph 110 of the First Amended Complaint.

111.     Defendant denies the allegations set forth in Paragraph 111 of the First Amended Complaint.

112.     Defendant admits only that he has made the referenced statement set forth in Paragraph 112 but otherwise denies the Plaintiff's characterizations and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

113.     Defendant admits only that he has made the referenced statement set forth in Paragraph 113 but otherwise denies the Plaintiff's characterizations and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

114.    Defendant denies the allegations set forth in Paragraph 114 of the First Amended Complaint.

115.    Defendant denies the allegations set forth in Paragraph 115 of the First Amended Complaint.

116.    Defendant denies the allegations set forth in Paragraph 116 of the First Amended Complaint.

117.    Defendant denies the allegations set forth in Paragraph 117 of the First Amended Complaint.

118.    Defendant denies the allegations set forth in Paragraph 118 of the First Amended Complaint.

119.    Defendant denies the allegations set forth in Paragraph 119 of the First Amended Complaint.

120.    Defendant denies the allegations set forth in Paragraph 120 of the First Amended Complaint.

121.    Defendant denies the allegations set forth in Paragraph 121 of the First Amended Complaint.

122.    Defendant denies the allegations set forth in Paragraph 122 of the First Amended Complaint.

123.    Defendant denies the allegations set forth in Paragraph 123 of the First Amended Complaint.

124.    Defendant denies the allegations set forth in Paragraph 124 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

125. Defendant denies the allegations set forth in Paragraph 125 of the First Amended Complaint.

126. Defendant denies the allegations set forth in Paragraph 126 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

127. Defendant denies the allegations set forth in Paragraph 127 of the First Amended Complaint.

128. Defendant denies the allegations set forth in Paragraph 128 of the First Amended Complaint.

129. Defendant denies the allegations set forth in Paragraph 129 of the First Amended Complaint.

130. Defendant denies the allegations set forth in Paragraph 130 of the First Amended Complaint.

131. Defendant denies the allegations set forth in Paragraph 131 of the First Amended Complaint.

132. Defendant denies the allegations set forth in Paragraph 132 of the First Amended Complaint.

133. Defendant denies the allegations set forth in Paragraph 133 of the First Amended Complaint.

134. Defendant denies the allegations set forth in Paragraph 134 of the First Amended Complaint.

135. Defendant denies the allegations set forth in Paragraph 135 of the First Amended Complaint.

136.     Defendant denies the allegations set forth in Paragraph 136 of the First Amended Complaint.

137.     Defendant denies the allegations set forth in Paragraph 137 of the First Amended Complaint.

138.     Defendant denies the allegations set forth in Paragraph 138 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

139.     Defendant denies the allegations set forth in Paragraph 139 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

140.     Defendant denies the allegations set forth in Paragraph 140 of the First Amended Complaint.

141.     Defendant denies the allegations set forth in Paragraph 141 of the First Amended Complaint.

142.     Defendant denies the allegations set forth in Paragraph 142 of the First Amended Complaint.

143.     Defendant denies the allegations set forth in Paragraph 143 of the First Amended Complaint.

144.     Defendant denies the allegations set forth in Paragraph 144 of the First Amended Complaint.

145.     Defendant denies the allegations set forth in Paragraph 145 of the First Amended Complaint.

146.     Defendant denies the allegations set forth in Paragraph 146 of the First Amended Complaint.

147.     Defendant denies the allegations set forth in Paragraph 147 of the First Amended Complaint.

148.     Defendant denies the allegations set forth in Paragraph 148 of the First Amended Complaint.

149.     Defendant denies the allegations set forth in Paragraph 149 of the First Amended Complaint.

150.     Defendant denies the allegations set forth in Paragraph 150 of the First Amended Complaint.

151.     Defendant denies the allegations set forth in Paragraph 151 of the First Amended Complaint.

152.     Defendant denies the allegations set forth in Paragraph 152 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

153.     Defendant denies the allegations set forth in Paragraph 153 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

154.     Defendant denies the allegations set forth in Paragraph 154 of the First Amended Complaint as the allegations set forth a legal conclusion.

155.     Defendant admits only that the trial in *Carroll II* commenced on April 25, 2023.

156.     Defendant denies the allegations set forth in Paragraph 156 of the First Amended Complaint as the allegations set forth a legal conclusion.

157. Defendant denies the allegations set forth in Paragraph 157 of the First Amended Complaint.

158. Defendant admits only that the jury in *Carroll II* issued its verdict on May 9, 2023 but otherwise denies the remaining allegations contained in Paragraph 158 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

159. Defendant admits only that the jury in *Carroll II* issued its verdict on May 9, 2023 but otherwise denies the remaining allegations contained in Paragraph 159 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

160. Defendant admits only that the jury in *Carroll II* issued its verdict on May 9, 2023 but otherwise denies the remaining allegations contained in Paragraph 160 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

161. Defendant admits only that the jury in *Carroll II* issued its verdict on May 9, 2023 but otherwise denies the remaining allegations contained in Paragraph 161 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

162. Defendant admits only that the jury in *Carroll II* issued its verdict on May 9, 2023 but otherwise denies the remaining allegations contained in Paragraph 162 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

163.     Defendant admits only that the jury in *Carroll II* issued its verdict on May 9, 2023 but otherwise denies the remaining allegations contained in Paragraph 163 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

164.     Defendant denies the allegations set forth in Paragraph 164 of the First Amended Complaint.

165.     Defendant denies the allegations set forth in Paragraph 165 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

166.     Defendant denies the allegations set forth in Paragraph 166 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

167.     Defendant denies the allegations set forth in Paragraph 167 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

168.     Defendant denies the allegations set forth in Paragraph 168 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

169.     Defendant denies the allegations set forth in Paragraph 169 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

170.     Defendant denies the allegations set forth in Paragraph 170 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and

contextual meaning thereof.

171. Defendant denies the allegations set forth in Paragraph 171 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

172. Defendant denies the allegations set forth in Paragraph 172 of the First Amended Complaint and respectfully refers the Court to the cited documents for the true, accurate, and contextual meaning thereof.

173. Defendant denies the allegations set forth in Paragraph 173 of the First Amended Complaint.

174. Defendant denies the allegations set forth in Paragraph 174 of the First Amended Complaint.

## CAUSE OF ACTION: DEFAMATION

175. Defendant incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

176. Defendant denies the allegations set forth in Paragraph 176 of the First Amended Complaint.

177. Defendant denies the allegations set forth in Paragraph 177 of the First Amended Complaint.

178. Defendant denies the allegations set forth in Paragraph 178 of the First Amended Complaint.

179. Defendant denies the allegations set forth in Paragraph 179 of the First Amended Complaint.

180.     Defendant denies the allegations set forth in Paragraph 180 of the First Amended Complaint.

181.     Defendant denies the allegations set forth in Paragraph 181 of the First Amended Complaint.

182.     Defendant denies the allegations set forth in Paragraph 182 of the First Amended Complaint.

183.     Defendant denies the allegations set forth in Paragraph 183 of the First Amended Complaint.

## DEMAND FOR RELIEF

184.     Defendant denies that Plaintiff is entitled to any of the relief requested in the *ad damnum* clause of the First Amended Complaint or any relief.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the First Amended Complaint. Defendant denies any allegations contained in the headings and subheadings throughout the First Amended Complaint. Defendant denies all allegations, declarations, claims or assertions in the First Amended Complaint that are not specifically admitted in this Answer.

## ADDITIONAL DEFENSES

As separate, additional defenses to the First Amended Complaint and the purported causes of action therein, but without assuming the burden of proof with regard to these defenses, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff's claim is barred because the alleged defamatory statements are privileged

20

and protected under the doctrine of presidential absolute immunity.

### SECOND AFFIRMATIVE DEFENSE

2.    The Complaint fails to state a cause of action.

### THIRD AFFIRMATIVE DEFENSE

3.    The alleged defamatory statements are privileged or protected by one or more immunities, including, but not limited to, under the Constitution of the United States.

### FOURTH AFFIRMATIVE DEFENSE

4.    The alleged defamatory statements are true.

### FIFTH AFFIRMATIVE DEFENSE

5.    Some or all of the statements at issue are matters of opinion that are not capable of being proven true or false.

### SIXTH AFFIRMATIVE DEFENSE

6.    The alleged defamatory statements constitute fair comment.

### SEVENTH AFFIRMATIVE DEFENSE

7.    The alleged defamatory statements are with respect to a public person.

### EIGHTH AFFIRMATIVE DEFENSE

8.    The alleged defamatory statements are not reasonably capable of the defamatory meaning attributed to them by Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

9.    The claims set forth in Plaintiff's Complaint are unconstitutional.

### TENTH AFFIRMATIVE DEFENSE

10.    Plaintiff's claims are barred because her damages, if any, were caused by acts of third persons, for which Defendant is not responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff is a public figure for purposes of this case, and Defendant did not publish with actual malice.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff is not entitled to punitive damages as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff is not entitled to injunctive relief as a matter of law.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff is not entitled to counsel fees and/or costs as a matter of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff has not sufficiently pled defamation or defamation *per se*.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff has failed to plead damages with the required specificity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Neither Defendant nor the challenged statements proximately caused any injury that the Plaintiff allegedly suffered.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff has not suffered special damages.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Defendant, as sitting President, made the challenged statements within the scope of his employment, and is therefore immune from suit under the Westfall Act.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims are time-barred by the applicable statute(s) of limitations.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     The alleged defamatory statements are, in part, privileged and protected under N.Y. Civ. Rights Law § 74.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's claims are barred, in whole or in part, by the doctrine of *res judicata.*

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiff is barred in equity from claiming or recovering any relief set forth in the First Amended Complaint because of her conduct under the doctrine of unclean hands.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     By virtue of the tortious conduct and defamatory statements made by Plaintiff against Defendant, Plaintiff is barred in whole or in part from recovering for the claims made in her First Amended Complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Defendant hereby reserves the right to assert all affirmative defenses available under any applicable federal and state law, and to assert any cross-claims, counterclaims and third-party claims when and if they become appropriate in this action.

### COUNTERCLAIM AGAINST E. JEAN CARROLL

Defendant/Counterclaimant, Donald J. Trump ("Counterclaimant"), by way of Counterclaim against Plaintiff/Counterclaim Defendant, E. Jean Carroll ("Counterclaim Defendant"), says:

## THE PARTIES

1.      Counterclaimant, Donald J. Trump, is an individual who is a resident of the State of Florida.

2.      Counterclaim Defendant, E. Jean Carroll, is an individual who is a resident of the State of New York.

## JURISDICTION, VENUE AND COMPLIANCE WITH F.R.C.P. 13

3.      This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district.

5.      Pursuant to F.R.C.P. 13(a), this Counterclaim is properly brought before this Court as it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim.

6.      This counterclaim is properly brought before this Court as it arises from the same transaction or occurrence that is the subject matter of the opposing party's claim, as set forth in the First Amended Complaint, and because it does not require adding another party over whom this Court cannot acquire jurisdiction.

## CAUSE OF ACTION

### DEFAMATION

1.      On June 21, 2019, Counterclaim Defendant first accused Counterclaimant of raping her after publishing a book excerpt in New York Magazine entitled "Trump assaulted me in a Bergdorf Goodman dressing room 23 years ago. But he's not alone on the list of awful men in my

24

life."

2.       Since that time, Counterclaim Defendant has repeatedly accused Counterclaimant

of raping her in a series of public statements, which include, but are not limited to, the following:

- " If you're asking why the COVID-19 rate is so low in Germany and so high in America, it is because Germany has a leader and America has a rapist."[1]

- "Jenn Budd! Hail, valiant woman! It is NOT weird! I called what happened a "tussle!" I called it a "fight!" I called what happened "against my will!" It took a quarter of a century to call what @realDonaldTrump did to me "rape."[2]

- "All 9,023 lawyers of the DOJ won't be able to save Trump when the Adult Survivors Act passes. The very moment it's LAW, I am suing Donald Trump for rape. The best civil rights attorneys in the nation-- @kaplanrobbie and @JoshuaMatz8 ARE READY!"[3]

- "My name is E. Jean Carroll. I'm a survivor of sexual assault. I stayed silent for years after I was attacked, and by staying silent lost my chance to hold my attacker accountable. I was raped by Donald Trump. And while my rapist may be famous, my story is, sadly, extremely common."[4]

3.       Thereafter, on May 10, 2023, Counterclaim Defendant appeared on CNN for a

television interview (the "Interview"), following the jury verdict on May 9, 2023, in the case of *E.*

*Jean Carroll v. Donald J. Trump,* Civil Action No. 22-cv-10016[5] ("*Carroll II*").

4.       During the Interview, Counterclaim Defendant was specifically asked about the

jury unanimously finding Counterclaimant not liable for rape in *Carroll II*.

5.       In response to that specific inquiry, Counterclaim Defendant disregarded the jury's

finding that Counterclaimant did not rape her, and replied: "oh yes he did, oh yes he did."

6.       Further, during the Interview, following the conclusion of the trial in *Carroll II,*

---

1 E. Jean Carroll (@ejeancarroll), Twitter Apr. 6, 2020, 12:47 PM) https://bit.ly/3Pt940N
2 E. Jean Carroll (@ejeancarroll), Twitter Jan. 4, 2021, 9:53 PM) https://bit.ly/46s3Isw.
3 E. Jean Carroll (@ejeancarroll), Twitter (Jan. 12, 2022, 11:27 AM) https://bit.ly/442qN3s.
4 E. Jean Carroll, *Why I Waited 23 Years to Speak Up,* Ask E. Jean (April 25, 2022), https://bit.ly/3NNBmls.
5 CNN, "E. Jean Carroll says Trump is 'incorrect' about civil trial jury," YouTube (May 10, 2023),
https://bit.ly/3WRSXeF

Counterclaim Defendant explained her exchange with the attorney representing Counterclaimant in the trial of *Carroll II*, Joseph Tacopina, Esq.

7. Specifically, Counterclaim Defendant stated in the Interview that she emphatically told Mr. Tacopina at the conclusion of the trial that "he did it and you know it," again reaffirming her claim that Counterclaimant raped her.

8. Counterclaim Defendant made these statements knowing each of them were false or with reckless disregard for their truth or falsity.

9. The Interview was on television, social media and multiple internet websites, with the intention of broadcasting and circulating these defamatory statements among a significant portion of the public.

10. Counterclaim Defendant made these false statements with actual malice and ill will with an intent to significantly and spitefully harm and attack Counterclaimant's reputation, as these false statements were clearly contrary to the jury verdict in *Carroll II* whereby Counterclaimant was found not liable for rape by the jury.

11. Counterclaim Defendant's actions of wantonly and falsely accusing the Counterclaimant on multiple occasions of committing rape constitute defamation *per se,* as Counterclaim Defendant accused Counterclaimant of rape, which clearly was not committed, according to the jury verdict in *Carroll II.*

12. Due to Counterclaim Defendant's repeated falsehoods and defamatory statements made against the Counterclaimant, Counterclaimant has been the subject of significant harm to his reputation, which, in turn, has yielded an inordinate amount of damages sustained as a result.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Defendant/Counterclaimant respectfully requests that this Court:

(1) Deny any and all relief sought by Plaintiff in this First Amended Complaint;

(2) Deny any and all purported damages sought by Plaintiff in the First Amended

Complaint;

(3) Order Plaintiff to retract her defamatory statements against the Defendant;

(4) Award Defendant compensatory and punitive damages as a result of Plaintiff's

defamatory statements made against the Defendant; and

(5) Award counsel fees, costs, and any further relief as this Court may be deem just and

proper.

Dated:  New York, New York
       June 27, 2023

Alina Habba, Esq.
Michael T. Madaio, Esq.
HABBA MADAIO & ASSOCIATES LLP
1430 US Highway 206, Suite 240
Bedminster, New Jersey 07921
-and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com
E-mail: mmadaio@habbalaw.com
*Counsel for Defendant/Counterclaimant*
*Donald J. Trump*