# Exhibit Q

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

E. JEAN CARROLL,

        *Plaintiff,*

v.

DONALD J. TRUMP,

        *Defendant.*

Civil Action No.: 1:20-cv-7311-LAK-JLC

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO STAY PENDING APPEAL

Michael T. Madaio, Esq.
**HABBA MADAIO & ASSOCIATES LLP**
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
        -and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: mmadaio@habbalaw.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT............................................................................................................................2

    I.       Defendant is Entitled to a Stay Pending Appeal........................................................2

        A. Defendant Has Demonstrated a Likelihood of Success on the Merits............................2

        B. Defendant Will Suffer Irreparable Harm Absent a Stay .................................................4

        C. Plaintiff Has Not Demonstrated That She Will Suffer Any Harm from a
           Stay Pending Appeal........................................................................................................5

        D. The Public Interest Weighs Heavily in Favor of a Stay..................................................6

    II.      The Court's Jurisdiction Has Been Divested Pending Appeal ................................7

CONCLUSION.......................................................................................................................10

# TABLE OF AUTHORITIES

*Cases*

*Clinton v. Jones*,
    520 U.S. 681, 117 S.Ct. 1636 (1997) ...................................................................................... 3

*Cohen v. Beneficial Inus. Loan Corp.*,
    337 U.S. 541, 69 S.Ct. 1221 (1949) ........................................................................................ 3

*Helstoski v. Meaner*,
    442 U.S. 500, 99 S.Ct. 2445 (1979) ........................................................................................ 3

*In re County Squire Assoc. of Carle Place, L.P.*,
    203 B.R. 182, 183 (B.A.P. 2d Cir. 1996). ................................................................................ 5

*In re World Trade Ctr. Disaster Site Litig.*,
    503 F.3d 167, 170 (2d Cir. 2007) ........................................................................................ 2, 7

*Massachusetts v. Mellon,*
    262 U. S. 447, 489 (1923) ....................................................................................................... 3

*Maricultura del Norte, S. de R.L. de C.V. v. WorldBusiness Capital, Inc.,*
    No. 14 CIV. 10143 (CM), 2019 WL 2117645 (S.D.N.Y. Apr. 26, 2019) ................................ 8

*Mitchell v. Forsyth*,
    472 U.S. 511, 105 S.Ct. 2806 (1985) ...................................................................................... 5

*Nixon v. Fitzgerald*,
    457 U.S. 731, 102 S.Ct. 2690 (1982) ............................................................................... 3, 4, 7

*Trump v. Vance*,
    481 F. Supp. 3d 161 (S.D.N.Y. 2020) ................................................................................. 2, 3

*United States v. Rodgers*,
    101 F.3d 247 (2d Cir. 1996) ..................................................................................................... 8

**Rules and Statutes**

Rule 8(a)(1)(A) ................................................................................................................................ 1

Defendant, Donald J. Trump ("Defendant"), by and through his undersigned attorneys, Habba Madaio & Associates LLP, respectfully submits this memorandum of law in further support of his motion, pursuant to Rule 8(a)(1)(A) of the Federal Rules of Appellate Procedure, to stay proceedings pending resolution of his appeal of this Court's July 5, 2023 Order of denial of Defendant's Motion for Summary Judgment (ECF No. 173), which is currently pending before the United States Court of Appeals for the Second Circuit under case no. 23-0793 (the "Appeal"). For the reasons set forth more fully below and in Defendant's moving papers, it is respectfully requested that this Court grant Defendant's Motion to Stay pending the Appeal ("the Motion") in its entirety.

## PRELIMINARY STATEMENT

The application presently before this Court respectfully requests a stay of this action by the Defendant pending resolution of the Appeal. As set forth, *infra,* and in Defendant's initial moving papers, the four-factor test for the imposition of a stay pending the Appeal has been satisfied.

*First,* Defendant has convincingly established that he has a likelihood of success on the merits of his appeal. *Second,* it is clear that Defendant would face irreparable harm absent a stay as his absolute presidential immunity defense would essentially be rendered moot should he be forced to proceed to trial absent an adjudication of this defense on the merits. *Third,* a balancing of the equities weighs heavily in favor of Defendant, as Plaintiff would sustain minimal harm as a result of a stay while Defendant would be severely prejudiced if the underlying action were permitted to proceed forward while the crucial question of whether his presidential immunity defense is viable remains pending before the Second Circuit. *Fourth,* the public interest favors a stay pending appeal, as the appeal will provide final resolution non important and novel questions

1

concerning the doctrine of presidential immunity, the separation of powers doctrine, and the interplay between the Executive Branch and Judicial Branch.

Accordingly, based upon the reasons of fact and law set forth herein as well as in Defendant's moving papers, a stay of this action pending resolution of the Appeal is clearly warranted.

## ARGUMENT

### I. DEFENDANT IS ENTITLED TO A STAY PENDING APPEAL

The standard to stay proceedings in a lower court action pending appeal is based upon the following four factors: (1) whether the stay applicant has made a strong showing that there is a likelihood of success on the merits; (2) whether irreparable harm will result absent the issuance of a stay; (3) whether the issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007).

Plaintiff erroneously contends that Defendant failed to establish the requisite elements for this Court to impose a stay pending appeal. As explained below, this argument is wholly without merit.

#### A. Defendant Has Demonstrated a Likelihood of Success on the Merits

As set forth in greater detail in his moving papers, Defendant has established a likelihood of success on the merits.

While Plaintiff claims that Defendant has failed to sufficiently explain the merits of his Appeal, this is simply not so. Defendant, in his motion papers, set forth many of the well-reasoned arguments to be made on appeal and explained why, in all likelihood, his appeal will be successful. Indeed, Defendant's non-waivability argument is grounded in Supreme Court precedent which stands for the proposition that presidential immunity is an "essential Presidential prerogative" that

2

is firmly "rooted in the constitutional tradition of the separation of powers," *Nixon v. Fitzgerald*, 457 U.S. 731, 743, 102 S.Ct. at 2698, 2701 (1982). As such, it stands apart from other forms of absolute immunity because it is "derive[d] in principle part from factors unique to [the President's] constitutional responsibilities and station," *Harlow v. Fitzgerald*, 457 U.S. 800, n. 17 (1982), which is necessarily infringed upon when a President's official acts are subject to civil liability because this type of overreach by the judiciary "curtail[s] the scope of the official powers of the Executive Branch," *Clinton v. Jones*, 520 U.S. 681, 682, 117 S.Ct. 1636, 1638 (1997). Consequently, presidential immunity, unlike all other forms of immunity, implicates the separation of powers doctrine to such a degree that it is inherently an issue of subject matter jurisdiction. *See, e.g., Lujan v. Defenders of Wildlife,* 504 U.S. 566. 577, 112 S.Ct. 2130, 2145 (1992) (finding that the separation of powers doctrine is violated, and Article III standing is lacking, when the judiciary "'assume[s] a position of authority over the governmental acts of another and co-equal department' and [] become[]s 'virtually continuing monitors of the wisdom and soundness of Executive action.'") (citing *Massachusetts* v. *Mellon,* 262 U. S. 447, 489 (1923)).

As for Defendant's additional arguments to be made on appeal—including Defendant's position as to why his presidential immunity defense is meritorious, and certainly not futile—those arguments are similarly set forth in Defendant's moving papers, *see* ECF No. 185 at 5, which incorporated by reference the arguments made in connection with Defendant's Motion for Summary Judgment, *see* ECF Nos. 109 and 122. As explained therein, Defendant has convincingly established that he was acting within the "outer perimeter of his authority" as President when he made alleged defamatory statements. *Nixon*, 457 U.S. at 757, 102 S.Ct at 2705.

Further, it is abundantly clear that the issues presented on appeal, *i.e.,* whether presidential immunity can be waived and, separately, under what circumstances it is appropriate to permit leave

3

to amend to add a defense of presidential immunity, present novel and important question of law that have far-reaching implications moving forward with regard to the level of autonomy afforded to the President of the United States and the degree of separation of power that exists between Executive Branch and Judicial Branch. Plaintiff fails to present any argument to the contrary with respect to this crucial point, much less explain how Defendant's appeal is lacking in merit.

Therefore, based upon the foregoing, and as articulated in Defendant's moving papers, Defendant has set forth a likelihood of success on the merits with respect to the important and novel arguments that will be determined on appeal. As such, this factor weighs heavily in Defendant's favor.

### B. Defendant Will Suffer Irreparable Harm Absent a Stay

As set forth in Defendant's moving papers, there is a wealth of controlling case law which supports the contention that Defendant will suffer irreparable harm if he is forced to proceed to trial absent a stay pending resolution of the appeal as to the viability of presidential immunity defense. *See* ECF 186 at 7-10.

Rather than address this point in her opposition brief, Plaintiff avoids the issue entirely. Instead, Plaintiff overlooks binding precedent and claims that there is no irreparable harm because any harm sustained by Defendant absent a stay is, in her eyes, "self-inflicted." ECF 202 at 4. In doing so, Plaintiff puts forth a one-sided retelling of the procedural history of this action, replete with unsubstantiated narrative, speculation, and pure conjecture as to why she believes Defendant took certain actions throughout the course of this litigation. *Id.* at 5-8. This portion of Plaintiff's brief is not only comprised of uninformed guesswork—Plaintiff lacks any insight or knowledge into the motivations underlying any of conduct she questions—but it is entirely irrelevant to the issue of whether Defendant will incur irreparable harm.

4

As to this operative question, Plaintiff offers no retort. Nor can she. It is well settled that an immunity defense is an "immunity from suit rather than a mere defense to liability" which is "effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). Indeed, the entire purpose underlying an immunity defense is invariably and severely hampered when a court recognizes that immunity only after the conclusion of litigation, at which point that party "loses" that immunity. *See In re County Squire Assoc. of Carle Place, L.P.,* 203 B.R. 182, 183 (B.A.P. 2d Cir. 1996) (noting that it is the "quintessential form of prejudice" when "absent a stay pending appeal . . . the appeal will be rendered moot.").

The current trial date in this matter is January 15, 2024. If the matter *sub judice* proceeds without the imposition of a stay pending the Appeal, then it appears to be a foregone conclusion that Defendant would be required to proceed to trial without final resolution regarding the viability of absolute presidential immunity by the Second Circuit. Consequently, the Defendant's potential presidential immunity would be "effectively lost." *See Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815 (1985).

Based upon the foregoing, Defendant will suffer irreparable harm absent the imposition of a stay pending Appeal.

### C. Plaintiff Has Not Demonstrated That She Will Suffer Any Harm from a Stay Pending Appeal

Despite her arguments to the contrary, Plaintiff has not sufficiently established that she would sustain harm from a stay pending appeal.

For starters, Plaintiff's argument that a stay could delay this matter for "possibly years" is speculative and hyperbolic. And the fact that Defendant is involved in other litigation has no bearing on whether he is entitled to a stay in the instant matter. Thus, these arguments are merely red herrings.

5

Further, Plaintiff's argument that "requiring [her] to endure further delay . . . would [] be deeply unfair" does not present a valid reason to deny a stay. In New York, it is "well established that 'mere delay in the litigation does not establish undue prejudice' for purposes of a motion to stay." *Goodman v Samsung Elecs. Am., Inc.*, 17-CV-5539 (JGK), 2017 WL 5636286, at *3 (S.D.N.Y. Nov. 22, 2017) (citing *Rovi Guides Inc. v. Comcast Corp*, No. 16-cv-9278, 2017 WL 4876305 at *4 (S.D.N.Y. Oct. 27, 2017); *see also Molo Design, Ltd. v. Chanel, Inc.*, 21-CV-01578 (VEC), 2022 WL 2135628, at *3 (S.D.N.Y. May 2, 2022) ("Mere delay does not constitute prejudice."); *CDX Diagnostics, Inc. v. U.S. Endoscopy Group, Inc.*, 13-CV-05669 NSR, 2014 WL 2854656, at *4 (S.D.N.Y. June 20, 2014) ("Mere delay in the litigation does not establish undue prejudice.").

Even if mere delay were a valid point for Plaintiff to raise, any inconvenience Plaintiff is forced to incur as a result of a stay is considerably outweighed by the interest in "vindicating the immunity of a[] defendant[] who might be entitled to immunity from suit." *World Trade Ctr.*, 503 F.3d 167, 170 (2d Cir. 2007). This is especially true where there are important and novel questions involving the boundaries of the separation of powers doctrine and the extent of protection afforded under presidential immunity. These considerations clearly outweigh the minor prejudice, if any, that Plaintiff claims she will suffer if a stay is imposed.

**D. The Public Interest Weighs Heavily in Favor of a Stay**

It is simply beyond dispute that the public interest weighs in favor of granting a stay of proceedings in the instant matter.

In arguing to the contrary, Plaintiff merely rehashes the same argument raised in the previous section (Point I(C)) of her opposition brief by reiterating that "granting a stay risks unduly prolonging this matter, which Carroll has been litigating for many years." *See* ECF 202 at 11.

6

Simply put, it strains credulity to argue that this supposed "public interest" is remotely tantamount to the public's interest in obtaining final resolution on the question of whether presidential immunity is underpinned by the separation of powers doctrine, so as to provide the President of the United States as non-waivable immunity from civil liability in the execution of his presidential duties. The Supreme Court has unequivocally acknowledged that there "exists the greatest public interest in providing" the President this form of wide-spanning immunity in performing his official acts, and that deprivation of such immunity would be to the "detriment of not only the President and his office but also the Nation that the Presidency was designed to serve." *Nixon*, 457 U.S. at 752 (internal quotations omitted).

Accordingly, it is respectfully submitted that the public interest in the viability and applicability of the doctrine of presidential immunity—presently on appeal before the Second Circuit—clearly favors the imposition of a stay and this significant public interest would clearly outweigh the purported "delay" that may result in this litigation should a stay be imposed.

## II. THE COURT'S JURISDICTION HAS BEEN DIVESTED PENDING APPEAL

Defendant respectfully submits that this Court has been divested of jurisdiction pending resolution of the Appeal.

In her opposition papers, Plaintiff claims that the holding *In Re World Trade Ctr. Disaster Site Litig.* dispelled of the notion that a court is divested of jurisdiction during the pendency of an immunity-related appeal, but Plaintiff's reading of that case is mistaken. ECF 202 at 11-12. Although Plaintiff is correct in asserting that *In Re World Trade Ctr. Disaster Site Litig.,* 503 F.3d 167, 170 (2d Cir. 2007) applied the four-factor test in determining whether a stay pending appeal is warranted (which, as set forth herein and in Defendant's moving papers, Defendant has complied with), she fails to recognize the uniquely imminent nature of the irreparable harm that was present

7

in that case since it involved an entire class of plaintiffs who had suffered life-threatening injuries as a result of a widescale terror attack. *Id.* The *World Trade Ctr.* court specifically noted that the "third factor—substantial injury to the parties opposing the stay—has increased in significance with the passage of time since among the Plaintiffs are many people with life-threatening injuries, some of whom have died since the litigation began," and, on this basis, determined that the "public interest favors permitting pretrial proceedings to resume, thereby hastening the trial that might result in compensation for at least some Plaintiffs during their lifetimes[.]" *Id.* at 170. Here, on the other hand, no such extraordinary considerations are at play. Further, Plaintiff conveniently glosses over the fact that the Second Circuit recognized in its holding that claims of immunity frequently resulted in the divestiture of a district court's jurisdiction, and in applying the four-factor test, the Second Circuit tasked itself with determining "both whether to vacate the stay and whether to *restore* the District Court's jurisdiction." *Id*. at 170 (emphasis added). In other words, the Second Circuit's mere invocation of the traditional stay factors in the unique circumstances it was faced with in *In Re World Trade Center* did not upend decades of case law affirming the rule on divestiture.

In fact, other courts have recognized the unique nature of the court's holding in *World Trade Center*. For instance, in *Nat'l Rifle Ass'n of Am. v. Cuomo*, No. 1:18-CV-566-TJM-CFH, 2020 WL 7338588, at *4 (N.D.N.Y. Dec. 14, 2020), the court rejected plaintiff's invocation of *In Re World Trade Center*, noting that its case "is not quite comparable to the uniquely urgent situation of the plaintiffs … who the Court noted might not have lived to see the conclusion of the litigation." *Id*. Here, similarly, Plaintiff here has failed to show that her situation compares in any manner to the extreme and unusual circumstances involved in *In Re World Trade Center*.

8

At bottom, Plaintiff's singular reliance on an inapposite case does not defeat the well-established rule that an appeal from the denial of that immunity divests the Court of jurisdiction to oversee litigation of that appeal. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed." ); *Williams v. Brooks*, 996 F.2d 728, 729 (5th Cir.1993) ("the traditional rule that the filing of a notice of appeal divests a district court of jurisdiction ... applies with particular force in the immunity context."); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir.1992) (holding that when a defendant files a notice of interlocutory appeal on an issue of qualified immunity, "the district court is automatically divested of jurisdiction to proceed with trial pending appeal"); *Stewart v. Donges*, 915 F.2d 572, 577 (10th Cir. 1990) ("Defendants' right not to be tried while an interlocutory appeal is pending on qualified immunity arises 'automatically' upon the appeal"); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 42 F. Supp. 3d 556 (S.D.N.Y. 2014) (holding that an interlocutory appeal of an order denying a claim of qualified immunity divested the district court of jurisdiction to compel a production of documents); *Hallock v. Bonner*, No. 03-CV-195 (DNH/DRH), 2003 WL 22519644, at *2 (N.D.N.Y. Nov. 4, 2003) (noting that "the filing of a notice of interlocutory appeal divests the district court of jurisdiction" in the qualified immunity context.).

It is undisputed that the main issue of the Appeal is whether absolute presidential immunity is valid defense in this litigation. Therefore, based upon the foregoing and as a result of this Court's finding that Defendant waived the defense of presidential immunity, it is respectfully submitted that this Court has been divested of jurisdiction until the Second Circuit resolves the question of whether Defendant is immune from this action.

9

**CONCLUSION**

Based upon the foregoing reasons of fact and law and the reasons set forth in the moving papers, Defendant, Donald J. Trump, respectfully requests that Defendant's Motion for a Stay Pending the Appeal be granted in its entirety.

Dated: August 17, 2023                Respectfully submitted,

_____
Michael T. Madaio, Esq.
Habba Madaio & Associates LLP
1430 US Highway 206, Suite 240
Bedminster, New Jersey 07921
            -and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: mmadaio@habbalaw.com
*Attorneys for Defendant, Donald J. Trump*

10