

Michael T. Madaio, Esq.
Partner
mmadaio@habbalaw.com
Admitted to practice in NJ, NY & PA

December 5, 2023

**VIA CM/ECF**
Catherine O' Hagan Wolfe
Clerk of the Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *Carroll v. Trump*, Nos. 23-1045, 23-1146

Dear Ms. Wolfe:

  This letter is submitted in response to Plaintiff-Appellee's December 4 letter. Defendant-Appellant agrees that the decision in *Blassingame v. Trump*, No. 22-5069 (D.C. Cir.) (the "Opinion") is relevant in several respects.

  *First*, the Opinion implicitly treats presidential immunity as jurisdictional. For context, in *Blassingame*, President Trump moved for dismissal under F.R.C.P. 12(b)(1) on the basis that "[presidential] immunity forecloses the jurisdiction of this Court."[1] The district court, in turn, analyzed presidential immunity under the banner of subject-matter jurisdiction and noted that it "implicates fundamental norms of separation-of-powers[.]"[2] The Opinion does not dispute or otherwise disturb this construction of presidential immunity. Rather, it adopts it by citing the proscription against "constrain[ing] presidential action"[3] and noting that these "same considerations counsel in favor of construing the President's action to involve official function so long as [they] can reasonably be understood as such." Opinion at 37.

  *Second*, the D.C. Circuit establishes an "objective, context-specific" test for determining whether presidential speech "can reasonably be understood" to constitute official action. *Id.* According to the D.C. Circuit, "the key is whether the President is speaking…in an official capacity as office-holder[.]" *Id.* at 33. This inquiry "turn[s] on the function being performed and not…the words being used." *Id.* at 38; *see also id.* ("[T]he crux of the inquiry…concerns the context in which the President speaks, not what precisely he says[.]"). "The same essential message or act may be either official or unofficial depending on the circumstances in which it is delivered or performed"; if it is "clothed in the trappings of an official function based on objective indicia, it more likely constitutes an official act for immunity purposes." *Id.* at 36. Importantly, the D.C. Circuit concluded that when this test "yields no sufficiently clear answer in either direction, the President…should be afforded immunity." *Id.* at 37.

---

[1] *See* Memorandum in Support of Donald J. Trump's Motion to Dismiss, *Thompson v. Trump*, 2021 WL 2221104 at *13 (D.D.C. May 26, 2021).
[2] *Thompson v. Trump*, 590 F.Supp.3d 46, 74 (D.D.C. 2002).
[3] Specifically, the Opinion cites to *Franklin v. Massachusetts*, 505 U.S. 788, 800-01 (1992) and *Pub. Citizen v. U.S. Dep't of Just.*, 491 U.S. 440, 465-67 (1989). *See* Opinion at 37.

*Third*, the Opinion reaffirms that presidential immunity "insulates all of [the President's] official actions from civil damages liability, *regardless of their legality or his motives*." *Id.* at 23 (emphasis added). The D.C. Circuit emphasizes that this limiting principle allows Presidents to perform their duties effectively and without hesitation. *Id.* at 47-51.

                                Respectfully submitted,

                                Michael T. Madaio, Esq.
                                For HABBA MADAIO & ASSOCIATES LLP