UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-1045, 23-1146

**Caption [use short title]**

**Motion for:** Issuance of the mandate and/or clarification that the district court maintains jurisdiction

Set forth below precise, complete statement of relief sought:

Pursuant to Federal Rule of Appellate Procedure 41(b), Plaintiff-Appellee E. Jean Carroll respectfully requests that the Court enter an order that the mandate in this case shall issue on January 5, 2024, and/or enter an order confirming that the District Court otherwise maintains jurisdiction to proceed with the case (including the trial scheduled to begin January 16, 2024).

Carroll v. Trump

**MOVING PARTY:** E. Jean Carroll
**OPPOSING PARTY:** Donald J. Trump

☐ Plaintiff  ☐ Defendant
☐ Appellant/Petitioner  ☒ Appellee/Respondent

**MOVING ATTORNEY:** Joshua Matz
**OPPOSING ATTORNEY:** Michael T. Madaio

[name of attorney, with firm, address, phone number and e-mail]

Kaplan Hecker & Fink
1050 K Street NW, Suite 1040, Washington, DC 20001
212-763-0883; jmatz@kaplanhecker.com

Habba Madaio & Associates LLP
1430 U.S. Highway 206, Suite 240, Bedminster, NJ 07921
908-869-1188; mmadaio@habbalaw.com

Court- Judge/ Agency appealed from: Southern District of New York, Judge Lewis A. Kaplan

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes  ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed  ☒ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  ☐ Yes  ☒ No
Has this relief been previously sought in this court?  ☐ Yes  ☒ No

Requested return date and explanation of emergency: Appellant argues that this appeal has divested the district court of jurisdiction to hold a trial starting Jan 16, 2024. He is wrong. But to dispel that doubt in advance of potential emergency Supreme Court proceedings, and before the trial itself begins, this Court should enter an order forthwith setting January 5, 2024 (or another pre-trial date) as the deadline for issuance of the mandate and/or confirming district court trial jurisdiction.

Is the oral argument on motion requested?  ☐ Yes  ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☐ Yes  ☒ No  If yes, enter date: (The appeal has been argued and decided)

**Signature of Moving Attorney:**
_/s/_  **Date:** December 26, 2023  **Service:** ☒ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

E. JEAN CARROLL,

    *Plaintiff-Appellee*,

v.

DONALD J. TRUMP,

    *Defendant-Appellant*.

Nos. 23-1045, 23-1146

**BRIEF OF PLAINTIFF-APPELLEE E. JEAN CARROLL IN SUPPORT OF EMERGENCY MOTION FOR ISSUANCE OF THE MANDATE AND/OR CLARIFICATION THAT THE DISTRICT COURT MAINTAINS JURISDICTION**

JOSHUA MATZ
KATE HARRIS
KAPLAN HECKER & FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
(212) 763-0883
jmatz@kaplanhecker.com
kharris@kaplanhecker.com

ROBERTA A. KAPLAN
TREVOR W. MORRISON
MATTHEW J. CRAIG
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
(212) 763-0883
rkaplan@kaplanhecker.com
tmorrison@kaplanhecker.com
mcraig@kaplanhecker.com

*Counsel for Plaintiff-Appellee*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................... ii

INTRODUCTION ......................................................................................................1

ARGUMENT .............................................................................................................2

    A.  This Court Has Authority to Provide the Relief Requested .............................2

    B.  This Court Should Provide the Relief Requested.............................................4

CONCLUSION...........................................................................................................7

CERTIFICATE OF COMPLIANCE..........................................................................8

CERTIFICATE OF SERVICE ...................................................................................9

## TABLE OF AUTHORITIES

**Cases**                                                                                                                          **Page(s)**

*Carroll v. Trump*,
    66 F.4th 91 (2d Cir. 2023)..................................................................................3

*Gould v. Bertoncini*,
    No. 21-2776, 2023 WL 2185718 (7th Cir. Feb. 23, 2023)................................3

*Jones v. Burle*,
    No. 22-1189, 2022 WL 4008712 (7th Cir. Sept. 2, 2022)................................3

*State v. Trump*,
    871 F.3d 646 (9th Cir. 2017)...............................................................................3

*United States v. Castillo-Torres*,
    8 F.4th 68 (1st Cir. 2021)....................................................................................2

*United States v. Fieste*,
    84 F.4th 713 (7th Cir. 2023)...............................................................................3

*United States v. Weiss*,
    No. 23-2096, 2023 WL 3750603 (7th Cir. June 1, 2023).................................3

*von Bulow by Auersperg v. von Bulow*,
    811 F.2d 136 (2d Cir. 1987)................................................................................2

**FEDERAL RULES**

Federal Rules of Appellate Procedure Rule 27(d)(2)(A)...........................................8

Federal Rules of Appellate Procedure Rule 41(b)......................................................1

**OTHER AUTHORITIES**

David G. Knibb, Federal Court of Appeals Manual § 34.12 (7th ed. 2021).............2

## INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 41(b), Plaintiff-Appellee E. Jean Carroll respectfully requests that the Court enter an order that the mandate in this case shall issue on January 5, 2024, and/or enter an order confirming that the District Court otherwise maintains jurisdiction to proceed with the case (including the trial scheduled to begin January 16, 2024). Carroll makes this request only in an excess of caution. In his recent emergency motion, Defendant-Appellant Donald J. Trump asserts that the District Court lacks jurisdiction to try this case—or to engage in any other proceedings—until his appeal is concluded. No. 23-1045, ECF 139-2 ("Br.") at 3-10. As Carroll explains in her opposition to Trump's emergency motion, filed concurrently with this motion, Trump is mistaken in fundamental respects.

That said, to ensure a clear record in the event of emergency Supreme Court proceedings, to eliminate any conceivable question as to whether the District Court is possessed of jurisdiction to try this case, to avoid any needless basis for mid-trial objections or post-trial attacks on the jury verdict, and to affirm that the trial may proceed as scheduled (which was a major purpose of conducting these expedited interlocutory appellate proceedings in the first place), Carroll respectfully submits that this Court should ensure that the mandate issues (and/or the District Court's jurisdiction is confirmed) well in advance of the trial. Such action would allow Trump an opportunity to seek relief at the Supreme Court, while also ensuring that

the trial remains on schedule and can proceed without a lingering (though doubtful) claim by Trump that the District Court lacks jurisdiction by virtue of this appeal.

## ARGUMENT

### A. This Court Has Authority to Provide the Relief Requested

Rule 41(b) provides that the mandate must issue "7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later." However, Rule 41(b) also makes clear that "the court may shorten or extend the time by order." An exercise of that authority is particularly appropriate in expedited appeals, where the default timeframe for issuance of a mandate may pose special difficulties. *See, e.g.*, David G. Knibb, *Federal Court of Appeals Manual* § 34.12 (7th ed. 2021) ("In an expedited appeal, the court may shorten the time for issuing its mandate, but leave the losing party enough time to apply to the Supreme Court for a stay of mandate pending its preparation and filing of a petition for certiorari."); *United States v. Castillo-Torres*, 8 F.4th 68, 74 (1st Cir. 2021); *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 147 (2d Cir. 1987).

Courts have recognized a wide range of circumstances that justify issuing a mandate immediately or within a shorter schedule (typically 5-to-10 days). Recently, for instance, the Seventh Circuit ordered immediate issuance of the mandate to preserve a scheduled trial date, where a criminal defendant had raised a frivolous

2

absolute immunity defense in an apparent effort to stall the proceedings. *See United States v. Weiss*, No. 23-2096, 2023 WL 3750603, at *2 (7th Cir. June 1, 2023). In its order, the Seventh Circuit stated that "the district court may proceed to try this case as scheduled," adding that "[a]bsent any contrary order, the filing of any petition for panel or en banc rehearing shall not divest the district court of jurisdiction." *Id.*

Other appellate opinions have identified diverse justifications for altering the default timeframe. *See, e.g.*, *Gould v. Bertoncini*, No. 21-2776, 2023 WL 2185718, at *2 (7th Cir. Feb. 23, 2023) (ordering immediate issuance of the mandate so that the plaintiff could "refile his case before the limitations period expires"); *United States v. Fieste*, 84 F.4th 713, 730 (7th Cir. 2023) (ordering issuance of the mandate within seven days following an expedited appeal); *Jones v. Burle*, No. 22-1189, 2022 WL 4008712, at *2 (7th Cir. Sept. 2, 2022) (ordering immediate issuance of the mandate where an incarcerated plaintiff alleged an urgent health concern); *State v. Trump*, 871 F.3d 646, 664 (9th Cir. 2017) (ordering issuance of the mandate within five days to ensure that refugees affected by an injunction would be protected).

In fact, this Court directed immediate issuance of the mandate in a prior appeal in this very case. After the D.C. Court of Appeals provided an answer to the Court's certified questions concerning the Westfall Act, the Court remanded to the District Court, adding that "[t]he Clerk is directed to issue the mandate forthwith." *Carroll v. Trump*, 66 F.4th 91, 94 (2d Cir. 2023). That step was then necessary because the

District Court had been divested of jurisdiction over the Westfall Act issue during the ongoing appeal—though it had otherwise retained jurisdiction—and only by issuing a mandate could this Court restore the District Court's authority to address that question. Based on the timing of the order, it appears that this Court directed immediate issuance of the mandate partly to ensure a restoration of full authority to the District Court in advance of the related trial in *Carroll II*, which occurred just a few weeks later. *See Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y.).

### B. This Court Should Provide the Relief Requested

Under Rule 41(b) and the precedents cited above, the Court has the authority to grant the relief that Carroll requests. And granting such relief is warranted.

Trump insists that under the divestiture rule, the District Court cannot regain jurisdiction (and thus cannot conduct a trial) until this appeal concludes. Br. at 8-9. As Carroll explains in her opposition to Trump's motion, there are numerous independent reasons why his invocation of the divestiture rule to attack the District Court's jurisdiction is meritless. Nevertheless, given Trump's obstructionism during these proceedings, there are compelling reasons to confirm beyond a shadow of a doubt that the District Court is not divested of jurisdiction by virtue of this appeal (which, of course, has already been resolved on the merits by a panel of this Court).

*First*, such an order would ensure clarity about the record—and the state of affairs in the District Court—in the event of emergency Supreme Court proceedings

4

(where a lack of clarity can be particularly thorny). *Second*, such an order would put another nail in the coffin of any claim that the District Court lacks jurisdiction to try the case—thus mitigating the risk of meritless mid-trial objections (whether before the District Court or the jury) and ensuring that this high-profile matter proceeds on a solid jurisdictional foundation. *Third*, and related, given the time and expense involved in a jury trial (especially here, where special security precautions will have to be made), such an order would hedge against the risk of post-trial objections that the whole proceeding must be vacated for lack of jurisdiction. *Finally*, the order that Carroll requests would help ensure that the trial proceeds as scheduled—an outcome that Trump is blatantly attempting to thwart, and that was an animating purpose of the expedited timeframe for these interlocutory appellate proceedings.

There is a reason why lawyers love that cliché about belts and suspenders. The District Court's jurisdiction is secure, but Trump's invocation of the divestiture rule raises an issue that this Court can readily resolve by issuing the mandate and/or confirming the maintenance of district court jurisdiction for the trial.[1] To ensure that Trump has sufficient time to seek relief at the Supreme Court (if he so desires), this Court should issue an order forthwith setting a pre-trial date by which the mandate will issue and/or the District Court's maintenance of jurisdiction will be confirmed.

---

[1] All things considered, it would be most straightforward to simply issue the mandate consistent with Rule 41.

5

Carroll submits that January 5, 2024 would be an appropriate target date. The Court may also wish to clarify—like the Seventh Circuit did in *Weiss*—that the District Court may proceed with the trial as scheduled, and the filing of any petition for panel or en banc rehearing shall not divest the District Court of jurisdiction to do so.

6

## CONCLUSION

For the foregoing reasons, Carroll's emergency motion should be granted.

Dated: Washington, D.C.
        December 26, 2023

Respectfully submitted,

*/s/ Joshua Matz*
JOSHUA MATZ
KATE HARRIS
KAPLAN HECKER & FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
(212) 763-0883
jmatz@kaplanhecker.com
kharris@kaplanhecker.com

ROBERTA A. KAPLAN
TREVOR W. MORRISON
MATTHEW J. CRAIG
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
(212) 763-0883
rkaplan@kaplanhecker.com
tmorrison@kaplanhecker.com
mcraig@kaplanhecker.com

*Counsel for Plaintiff-Appellee*

## CERTIFICATE OF COMPLIANCE

This brief complies with the length limits requirements of Fed. R. App. P. 27(d)(2)(A) because this brief contains 1,368 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in size 14 Times New Roman font.

Dated:  December 26, 2023         */s/ Joshua Matz*
                                  Joshua Matz

                                  *Counsel for Plaintiff-Appellee*

## CERTIFICATE OF SERVICE

I, Joshua Matz, counsel for Plaintiff-Appellee and a member of the Bar of this Court, certify that, on December 26, 2023, a copy of the attached brief of Plaintiff-Appellee E. Jean Carroll in support of Emergency Motion for Issuance of the Mandate and/or Clarification that the District Court Maintains Jurisdiction was filed with the Clerk through the Court's electronic filing system.

Dated: December 26, 2023  */s/ Joshua Matz*
Joshua Matz

*Counsel for Plaintiff-Appellee*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

| | |
|---|---|
| E. JEAN CARROLL,<br><br>*Plaintiff-Appellee*,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>*Defendant-Appellant*. | Nos. 23-1045, 23-1146 |

**DECLARATION OF JOSHUA MATZ IN SUPPORT OF PLAINTIFF-APPELLEE E. JEAN CARROLL'S EMERGENCY MOTION FOR ISSUANCE OF THE MANDATE AND/OR CLARIFICATION THAT THE DISTRICT COURT MAINTAINS JURISDICTION**

I, Joshua Matz, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a member of the bar of the State of New York and am admitted to appear before this Court. I am a partner in the law firm Kaplan Hecker & Fink LLP, counsel for Plaintiff-Appellee E. Jean Carroll in the above-captioned action.

2. I respectfully submit this declaration in support of Carroll's Emergency Motion for Issuance of the Mandate and/or Clarification that the District Court Maintains Jurisdiction.

3. Attached as **Exhibit A** is a true and correct copy of email correspondence between Carroll's counsel and counsel for Defendant-Appellant Donald J. Trump, dated December 26, 2023.

4. On December 26, 2023, I contacted counsel for Trump by email to inform them that Carroll intended to file a motion to request that the Second Circuit enter an order providing that the mandate will issue on January 5, 2024, and/or enter an order confirming that the District Court otherwise maintains jurisdiction to proceed with the case (including the trial scheduled to begin January 16, 2024). Counsel for Trump advised that they oppose the motion. *See* Ex. A.

5. On December 26, 2023, as required under Local Rule 27.1(d)(1), I contacted the Clerk of the Second Circuit to warn of Carroll's impending motion.

6. For the reasons explained in the accompany memorandum of law, to ensure a clear record in the event of emergency Supreme Court proceedings, to eliminate any conceivable question as to whether the District Court is possessed of jurisdiction to try this case, to avoid any needless basis for mid-trial objections or post-trial attacks on the jury verdict, and to affirm that the trial may proceed as scheduled (which was a major purpose of conducting these expedited interlocutory appellate proceedings in the first place), Carroll respectfully submits that this Court enter an order that the mandate in this case shall issue on January 5, 2024, and/or enter an order confirming that the District Court otherwise maintains jurisdiction to proceed with the case (including the trial scheduled to begin January 16, 2024).

7. Entering the requested order would allow Trump an opportunity to seek relief at the Supreme Court, while also ensuring that the trial remains on schedule

and can proceed without a lingering claim by Trump that the District Court lacks jurisdiction by virtue of this appeal.

Dated:   Washington, D.C.                    /s/ Joshua Matz
         December 26, 2023                   Joshua Matz

# EXHIBIT A

| | |
|---|---|
| **From:** | Michael Madaio |
| **To:** | Joshua Matz; Roberta Kaplan; Shawn G. Crowley; Matthew Craig; Trevor Morrison; Kate Harris |
| **Cc:** | Alina Habba, Esq.; Peter Gabra; Peter Swift |
| **Subject:** | Re: Carroll v. Trump (2nd Circuit; Nos. 23-1045 & 23-1146) - Notice of Emergency Motion Pursuant to FRAP 41(b) |
| **Date:** | Tuesday, December 26, 2023 10:42:05 AM |
| **Attachments:** | Outlook-s1b03s53.png |

This email was sent from outside the Firm.

Counsel,

That is correct, Defendant-Appellant opposes the motion.

Regards,

**Michael T. Madaio, Esq.**

*Admitted to Practice in NJ, NY & PA*



1430 US Highway 206, Suite 240

Bedminster, New Jersey 07921

Telephone: 908-869-1188

Facsimile: 908-450-1881

The information in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Habba Madaio & Associates LLP for any loss or damage arising in any way from its use.

---

**From:** Joshua Matz <jmatz@kaplanhecker.com>
**Sent:** Tuesday, December 26, 2023 9:46 AM
**To:** Michael Madaio <mmadaio@habbalaw.com>; Roberta Kaplan <rkaplan@kaplanhecker.com>; Shawn G. Crowley <scrowley@kaplanhecker.com>; Matthew Craig <mcraig@kaplanhecker.com>; Trevor Morrison <tmorrison@kaplanhecker.com>; Kate Harris <kharris@kaplanhecker.com>
**Cc:** Alina Habba, Esq. <ahabba@habbalaw.com>; Peter Gabra <pgabra@habbalaw.com>; Peter Swift <pswift@habbalaw.com>
**Subject:** Carroll v. Trump (2nd Circuit; Nos. 23-1045 & 23-1146) - Notice of Emergency Motion Pursuant to FRAP 41(b)

Counsel,

Pursuant to Federal Rule of Appellate Procedure 41(b), Plaintiff-Appellee E. Jean Carroll will file an emergency motion this afternoon. She will request that the Second Circuit enter an order providing that the mandate will issue on January 5, 2024, and/or enter an order confirming that the District Court otherwise maintains jurisdiction to proceed with the case (including the trial scheduled to begin January 16, 2024). In light of the position set forth in your own recent emergency motion—where you seek a stay of the mandate under Rule 41(d)—we will indicate that you oppose our motion unless you inform us to the contrary before 3pm ET today.

Joshua

**Joshua Matz | Kaplan Hecker & Fink LLP**

1050 K Street NW | Suite 1040

Washington, DC 20001

(W) 929.294.2537

jmatz@kaplanhecker.com

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*